JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6758
    FAX: (415) 436-6753

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 3-08-70507-BZ (SPERO) |
| ) | |
| v. ) | GOVERNMENT'S RESPONSE TO |
| ) | DEFENDANT'S MOTION TO DISMISS |
| ) | COMPLAINT |
| WALTER PALMA, ) | |
|     a/k/a "Kapone," ) | |
| ) | Courtroom: A, 15th Floor |
| Defendant. ) | Hearing date: August 20, 2008 |
| ) | Time: 9:30 am |
| ) | |

    The defendant, Walter Palma, has moved the Court to dismiss Complaint 3-08-70507-BZ, charging him with illegal possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(5). For the following reasons, the defendant's motion to dismiss is meritless and should be denied.

## **Discussion**

    The defendant is charged in a criminal complaint with one count of violating Title 18, United States Code, Section 922(g)(5), which provides, in relevant part, that

//

//

It shall be unlawful for any person —

. . . .

(5) who, being an alien —

    (A) is illegally or unlawfully in the United States; or (B) except as provided in subsection (y)(2), has been admitted to the United States under a non-immigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26)));

. . . .

to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(5).

The defendant contends that the criminal complaint that was filed against him is facially defective because, at the time of his possession of the charged firearm on or about November 2, 2005, he was not illegal or unlawfully in the United States in that he was granted "Temporary Protected Status" ("TPS").[1]

The defendant's claim, however, is based on an incomplete reading of 18 U.S.C. § 922(g)(5). Although subpart (A) of the statute prohibits the possession of a firearm by an illegal alien, subpart (B) of the statute — with four exceptions not applicable here[2] — prohibits the possession of a firearm by a lawful alien admitted under a nonimmigrant visa. Title 8, United States Code, Section 1254a, in turn, which established and governs TPS, indicates that an illegal alien granted TPS is not an immigrant alien but, rather, is to be treated as a lawful alien with

---

[1] The Attorney General of the United States has the authority to confer Temporary Protected Status upon certain illegal alien applicants who face certain specified hardships in their respective countries of citizenship if, for humanitarian reasons, deportation would be undesirable. An alien with TPS is allowed to remain and work in the United States while his TPS lasts. See generally 8 U.S.C. § 1254a; 8 C.F.R. § 244.

[2] The four exceptions to 18 U.S.C. § 922(g)(5)(B) are listed under 18 U.S.C. § 922(y)(2). These exceptions are: (A) an alien admitted under a nonimmigrant visa for a lawful hunting or sporting purpose; (B) an accredited official representative of a foreign government; (C) an official of a foreign government or distinguished foreign visitor so designated by the Department of State; and (D) a foreign law enforcement officer of a friendly foreign government in the United States on official business. See 18 U.S.C. § 922(y)(2)(A)-(D).

1  nonimmigrant status:

2      (f) Benefits and Status During Period of Temporary Protected Status

3      During a period in which an alien is granted temporary protected
4      status under this section —

5          (1) the alien shall not be considered to be
        permanently residing in the United Stats under color
6          of law;

7          (2) the alien may be deemed ineligible for public
        assistance by a State (as defined in section
8          1101(a)(36) of this title) or any political subdivision
        thereof which furnishes such assistance;

9  
        (3) the alien may travel abroad with the prior
10          consent of the Attorney General; and

11          (4) for purposes of adjustment of status under
        section 1255 of this title and change of status under
12          section 1258 of this title, the alien shall be
        considered as being in, and maintaining, lawful
13          status as a nonimmigrant.

14  8 U.S.C. § 1254a(f).

15      Thus, even though the defendant had TPS when he possessed a firearm on or about
16  November 2, 2005, his TPS does not preclude his prosecution for illegal possession of the
17  firearm. Rather, even with TPS, the defendant held, at most, lawful nonimmigrant status in the
18  United States, and, therefore, violated subpart (B) of 18 U.S.C. § 922(g)(5). The Fifth Circuit
19  case on which the defendant relies, United States v. Orellana, 405 F.3d 360 (5th Cir. 2005), is
20  inapposite because in Orellana, the court considered only whether TPS conferred lawful status on
21  an alien for the purpose of a prosecution under subpart (A) of 18 U.S.C. § 922(g)(5). See 405
22  F.3d at 370-71. Indeed, not only did the Orellana court fail to consider the application of subpart
23  (B) of § 922(g)(5), it also recognized that the grant of TPS effectively conferred only
24  nonimmigrant status to the appellant. See id. at 366 ("[The appellant] was granted protection
25  from removal, authorized to seek employment, and given the ability to apply for adjustment of
26  status as if he were in lawful *non-immigrant* status.") (emphasis added). Therefore, even with
27  TPS, the defendant could and did violate 18 U.S.C. § 922(g)(5) when he possessed a firearm on
28  or about November 2, 2005, as charged in the complaint.

**Conclusion**

For the foregoing reasons, the defendant's claim that the complaint failed to demonstrate that he committed a crime is meritless and his motion to dismiss the complaint should be rejected.

DATED: August 18, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

By: /s/
W.S. Wilson Leung
Assistant United States Attorney